IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREGORY L. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1431 (MN) |
| | ) | |
| GEORGETOWN POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Gregory L. Hawkins, Georgetown, Delaware – Pro Se Plaintiff.

May 17, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On December 13, 2023, Plaintiff Gregory L. Hawkins filed this *pro se* action under 42 U.S.C. § 1983, naming as Defendants the Georgetown Police Department and the State of Delaware.  (D.I. 2).  Plaintiff has been granted leave to proceed *in forma pauperis*.  (D.I. 4). Plaintiff has filed a motion to seal.  (D.I. 6).  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

The following facts alleged in the Complaint are accepted as true at this stage of the proceedings.  On or around April 1, 2022, via the Delaware State Police, Plaintiff advised the Georgetown Police Department that he was being threatened by several people, including Paul Sample, who is Plaintiff's son's mother's stepfather.  On or about April 22, 2022, Sample crashed his car into Plaintiff's car intentionally and fled the scene.  Plaintiff suffered injuries to his back, neck, and head.  Georgetown Police Department never came to the scene of the accident, despite being aware of it; filed false charges against Plaintiff; and lied to the insurance company about the police report.

Plaintiff brings claims for false arrest, racial discrimination, defamation, racial profiling, and fraud, and seeks $5 million in damages.

## II.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips*

*v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a

2

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   <u>DISCUSSION</u>

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)).  The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.  *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam).  Accordingly, the claims against Delaware must be dismissed.

The Georgetown Police Department falls under the umbrella of the town of Georgetown. As such, the claims against it are no different than had they been raised against Georgetown.  *See Trammell v. Georgetown Police Dep't*, Civ. No. 16–760–GMS, 2016 WL 7107223, at *2 (D. Del. Dec. 5, 2016).  A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).  Although a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the Georgetown Police Department was the "moving force" behind any alleged constitutional violation.   Absent any allegation that a custom or policy

established by the Georgetown Police Department directly caused harm to Plaintiff, his § 1983 claims cannot stand. Plaintiff fails to state a claim for municipal liability and, therefore, he fails to state a claim against the Georgetown Police Department, and this Defendant will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). To the extent that Plaintiff sought to bring claims against individual police officers for violating his constitutional rights by failing to intervene in some way to the alleged threats he received from Sample, such a claim is not actionable. *See Callaway v. Small*, 576 F. Supp. 3d 232, 242-43 & n.6 (D.N.J. 2021) (collecting cases).

For these reasons, Plaintiff's Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Although it appears unlikely that Plaintiff can state a claim against any potential defendant, he will be given one opportunity to file an amended complaint.

Plaintiff's motion to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to him, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

IV.   **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and deny Plaintiff's motion to seal.

An appropriate Order will be entered.